# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| FRANKLIN WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:16-cv-23 |
| v. | |
| J.V. FLOURNAY, Warden; CMC COUNCIL; UNIT MANAGER; CASE MANAGER; and REGIONAL DIRECTOR,[1] | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, ("FSL Jesup"), has filed a cause of action, which was docketed as being brought pursuant to 42 U.S.C. § 1983.[2] (Doc. 1.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis* before this Court. (Doc. 2.) Further, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's Complaint, **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S ALLEGATIONS

Plaintiff contends Defendants have violated federal law and convicted him of charges without affording him due process of law. (Doc. 1, p. 5.) It also appears that Plaintiff asserts he is eligible for a transfer to a facility with a lower security level. Plaintiff seeks injunctive and

---

[1] The Clerk of Court is **DIRECTED** to amend the docket of this case to reflect the Defendants listed in the above caption.

[2] Because Plaintiff is a federal inmate and seeks to hold federal actors liable through this cause of action, his Complaint should have been brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), to the extent Plaintiff even brings constitutional claims.

declaratory relief, as well as $100,000 in monetary damages, against each Defendant. Plaintiff also seeks to be transferred to a camp without retaliation by any of the Defendants.(Id. at p. 2.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint reveals that the dismissal of the Complaint is required.

**DISCUSSION**

**I.      Dismissal Under Section 1915(g)**

As explained above, a prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Id. at 721–27.

A review of Plaintiff's history of filings reveals that he has brought numerous civil actions or appeals which were dismissed and count as strikes under Section 1915(g). Indeed, this Court has previously identified Plaintiff as a "three striker." R. & R. and Order, Williams v. Eaves, (S.D. Ga. May 29, 2012, and July 9, 2012), ECF Nos. 8, 17. Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), he may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff makes no attempt to show that Defendants' actions posed any imminent danger of serious physical injury to him at the time he filed his Complaint. Instead, Plaintiff's Complaint is nothing more than another entry in his long history of vexatious litigation initiated in this Court. For these reasons, Section 1915(g) prohibits Plaintiff from bringing this action without prepaying the filing fee. Consequently, the Court should **DISMISS** this case.

## II.    Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this

---

[3] A certificate of appealability is not required in this Section 1983 action.

5

context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three striker", Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the numerous reasons set forth above, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* before this Court. Further, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint without prejudice, **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA